UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **TEXAS ED TECH SOLUTIONS, LLC,**   Plaintiff, | §  §  § |
| v. | §  CIVIL ACTION NO. 1:19-cv-00815 |
| **AUTHENTICA SOLUTIONS, LLC,** and **BRIGHTBYTES, INC.,**   Defendants. | §  §  §  §  § |

### PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, Texas Ed Tech Solutions, LLC ("Plaintiff"), and files this Complaint against Defendants, Authentica Solutions, LLC and BrightBytes, Inc. (collectively "Defendants"), and alleges as follows:

### I.   PARTIES

1. Plaintiff Texas Ed Tech Solutions, LLC ("Texas Ed Tech") is a Texas limited liability company with its principal office located in Austin, Travis County, Texas.

2. Defendant Authentica Solutions, LLC ("Authentica") is a Georgia limited liability company. Authentica may be served with process through its registered agent, Lynn Adams, 1475 Richardson Dr., Suite 230, Richardson, Texas 75080-4659, or wherever Lynn Adams may be found.

3. Defendant BrightBytes, Inc. ("BrightBytes") is a Delaware corporation registered to do business in Georgia. Its principal office is located at 717 Market Street, Suite 300, San Francisco, California 94103. BrightBytes may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.     JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter because there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

5. This Court's exercise of jurisdiction over Defendants is proper because Defendants (a) have contracted by mail or otherwise with Texas residents and business entities and at least one party was to perform the contract in whole or in part in Texas; (b) have committed torts in whole or in part in this state; and/or (c) on information and belief, have recruited Texas residents, directly or through an intermediary located in Texas, for employment. Tex. Civ. Prac. & Rem. Code § 17.042.

6. This Court's exercise of jurisdiction over Defendants is also proper because they have continuous and systematic contacts in Texas or sufficient minimum contacts with Texas such that the maintenance of suit here does not offend traditional notions of justice and fair play. Defendants purposefully directed their activities toward Texas; availed themselves of the benefits and privileges of conducting said activities in Texas; and this controversy arises out of or is related to their contacts with Texas.

7. Venue is proper because a substantial part of the events and omissions that gave rise to this action, and the damages resulting from them, occurred in this district. 28 U.S.C § 1391(b)(2).

## III.     FACTS

8. Defendants provide data and analytics products and services for educational institutions and organizations.

9. Plaintiff provides consulting and other services in the educational technology business area.

10. Authentica and Texas Ed Tech entered into the Referral Agreement ("Referral Agreement") dated as of October 15, 2015.

11. The Referral Agreement between Authentica and Plaintiff focused on all business and contracts awarded to Authentica by Houston ISD, Houston ISD Medicaid Finance and Consulting Services, and the affiliates of Houston ISD (collectively "HISD"). See Referral Agreement, p.1.

12. The Referral Agreement provided that Plaintiff had the exclusive right to serve as sales agent, broker or referrer on all work, services, products and agreements between Authentica and HISD, and was to receive ready access to Authentica's personnel and resources pertaining to its services and the HISD contracts and business opportunities. *See Id*.

13. As a result of Plaintiff's efforts, Authentica ended up being awarded various HISD contracts. Plaintiff's critical role in sourcing contracts from HISD for Authentica was expressly acknowledged in the Referral Agreement. *See Id*.

14. The Referral Agreement provided that Authentica would pay Texas Ed Tech a specific percentage of revenues it obtained from HISD. *See* Exhibit B to Referral Agreement.

15. In 2015, 2016, and 2017, Authentica made at least 18 payments to Plaintiff as part of the agreed percentage of revenue from HISD contracts pursuant to the Referral Agreement.

16. On or about June 29, 2017, BrightBytes announced that it had acquired Authentica.

17. Subsequent to BrightBytes acquiring Authentica, on or around June 2017, Plaintiff stopped receiving payments for amounts due under Referral Agreement from the HISD contracts.

While all payments to Plaintiff Texas Ed Tech stopped; revenue from the HISD continued to be paid to Authentica and/or BrightBytes.

18. Plaintiff sent a letter to Defendants, dated August 3, 2017, informing Defendants that they were in default under the Referral Agreement and presenting Plaintiff's claims for unpaid fees. Defendants have refused to pay Plaintiff its percentage of the HISD revenue.

19. Defendants sent a letter to Plaintiff, dated August 16, 2017, purporting to terminate the Referral Agreement pursuant to Subsection B of Section VI and stating that they would not pay the fees Plaintiff claims are due under the Referral Agreement. *See Id*.

20. However, Defendants are required to continue paying fees to Plaintiff for the HISD Contracts, notwithstanding the purported termination of the Referral Agreement, and notwithstanding the assignment of the HISD Contracts to BrightBytes, *See, e.g.,* Referral Agreement, § VI(D).

21. Further, Defendants are required to pay fees that Plaintiff earned prior to the termination, even if they were not due and payable before the termination. *See Id*.

22. Finally, Plaintiff is entitled to the contractually agreed-upon interest on late payments. *See* Referral Agreement p. 2 § II.

23. The HISD contracts have now been assigned by Authentica to BrightBytes.

24. On information and belief, revenue from the HISD contracts is currently being paid to BrightBytes instead of Authentica.

25. On information and belief, BrightBytes has taken, and continues to take, for its own use the monies owed to Plaintiff under the Referral Agreement.

## CAUSES OF ACTION

26. Plaintiff incorporates the foregoing facts and allegations into each and every one of the following causes of action. All conditions precedent to Plaintiffs' rights of recovery have occurred or been waived or excused.

27. To the extent that they conflict, the following causes of action are pled in the alternative.

### COUNT 1 – Breach of Contract (Against Authentica)

28. Plaintiff repeats and realleges Paragraphs 1-26 as though fully set forth herein.

29. Plaintiff executed a valid and enforceable contract with Authentica, the Referral Agreement. The contract provided, among other things, that Authentica would pay a specific percentage of revenue from HISD contracts to Plaintiff.

30. Plaintiff is a proper party to bring suit for breach of the contract. Plaintiff performed, tendered performance of, or was excused from performing Plaintiff's contractual obligations.

31. In 2015, 2016 and 2017, Authentica made at least 18 payments to Plaintiff as part of the agreed percentage of revenue from HISD contracts pursuant to the Referral Agreement.

32. On or about June 29, 2017, BrightBytes announced that it had acquired Authentica.

33. Subsequent to BrightBytes acquiring Authentica, on or around June 2017, Plaintiff stopped receiving payments for amounts due under Referral Agreement from the HISD contracts. While all payments to Plaintiff Texas Ed Tech stopped; revenue from the HISD continued to be paid to Authentica and/or BrightBytes.

34. Authentica breached the contract by failing to pay sums of money due and owing to Plaintiff. These were violations of material obligations required under the contracts.

35. Authentica's breaches caused injury to Plaintiff, which was a natural, probable, and foreseeable consequence of Authentica's breaches. Authentica's breaches resulted in damages, including but not limited to, the nonpayment of over $1,600,000 in past due fees, and all other actual damages, including but not limited to Plaintiff's benefits-of-the-bargains and agreed-upon interest on the unpaid amounts. Plaintiff seeks all actual, special and consequential damages, as a result of Authentica's breaches of contract.

36. Plaintiff has presented this claim for breach of contract to Authentica, who refused to satisfy their contractual obligations; Plaintiff is now entitled to recover its attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code. Tex. Civ. Prac. & Rem. Code §§ 38.001, *et seq*.

### COUNT 2 – Money Had and Received (Against Authentica and BrightBytes)

37. Plaintiff repeats and realleges Paragraphs 1-36 as though fully set forth herein.

38. Defendants should be held liable under the cause of action of money had and received. Specifically, Defendants have held, and continue to hold, money that belongs to Plaintiff in equity and in good conscience.

39. Plaintiff seeks recovery of actual damages, including but not limited to the amount of money that Defendants received that belongs to Plaintiff from the HISD contracts.

40. Plaintiff has presented this claim for payment to Defendants, who refused to satisfy their obligations. As a result, Plaintiff is now entitled to recover its attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code. Tex. Civ. Prac. & Rem. Code §§ 38.001, *et seq*.

### COUNT 3 – Promissory Estoppel (Against Authentica)

41. Plaintiff repeats and realleges Paragraphs 1-40 as though fully set forth herein.

42. Authentica made a promise to Plaintiff that Authentica would pay Plaintiff a certain fees for the HISD contracts. Plaintiff reasonably and substantially relied on the promise to Plaintiff's detriment. Plaintiff's reliance on Authentica's promise was foreseeable by Authentica.

43. Injustice can be avoided only by enforcing Authentica's promise. Plaintiff seeks recovery of all actual damages, including but not limited to the damages Plaintiff sustained in reliance on Authentica's promises.

### COUNT 4 – Quantum Meruit
### (Against Authentica and BrightBytes)

44. Plaintiff repeats and realleges Paragraphs 1-42 as though fully set forth herein.

45. Plaintiff provided valuable services to and for Defendants that were instrumental in the awarding of valuable HISD contracts. Defendants accepted these services and had reasonable notice that Plaintiff expected compensation for the services.

46. Plaintiff seeks recovery of all actual damages, including but not limited to the reasonable value of the services that Defendants accepted or enjoyed when Defendants had notice that Plaintiff expected to be paid for the services.

47. Plaintiff has presented this claim for payment to Defendants, who refused to satisfy their obligations. As a result, Plaintiff is now entitled to recover its attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code. Tex. Civ. Prac. & Rem. Code §§ 38.001, *et seq*.

### COUNT 6 – Unjust Enrichment
### (Against Authentica and BrightBytes)

48. Plaintiff repeats and realleges Paragraphs 1-46 as though fully set forth herein.

49. Defendants should be held liable for their unjust enrichment, having wrongfully ceased making payments of fees due and owing to Plaintiff under the Referral Agreement and

instead keeping the money that should have gone to Plaintiff for themselves. Defendants wrongfully secured a benefit or have passively received a benefit which is unconscionable for Defendants to retain. Defendants have been unjustly enriched by obtaining a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage.

50. Plaintiff seeks recovery of all money Defendants have unjustly retained and the value of the benefit Defendants have obtained from Plaintiff by fraud, duress, or the taking of an undue advantage.

### IV.   JURY DEMAND

51. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

### V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the Court issue summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants, jointly and severally, for the following:

a. All actual damages, consequential and special damages, in amounts determined at trial;

b. Pre-judgment and post-judgment interest as allowed by law;

c. Court costs;

d. Attorneys' fees; and

e. All other relief to which Plaintiff is justly entitled.

Date: August 16, 2019                    Respectfully submitted,

                                            **DUNHAM LLP**
                                            919 Congress Avenue, Suite 900
                                            Austin, Texas 78701
                                            512.615.1255

                                            By: /s/ David E. Dunham

        David E. Dunham
        Texas State Bar No. 06227700
        Email:  david@dunhamllp.com
        Isabelle M. Antongiorgi
        Texas State Bar No. 24059386
        Email: isabelle@dunhamllp.com
        Emily Young
        Texas State Bar No. 24088698
        Email: emily@dunhamllp.com

**ATTORNEYS FOR PLAINTIFF**